Ruffin, Chief Justice.
 

 The Court is unable to perceive any error in the record, or, indeed, to discover satisfactorily the question it was intended to present.
 

 The case sets out by saying that the question in the cause was one of boundary. It then states the description of the land contained in the deed to the
 
 *486
 
 lessor of the plaintiff; and an instruction to the jury that it covered the land in dispute; and that the plaintiff was entitled to a verdict, unless the defendant showed a different boundary with possession according to it. This can be understood only to mean, that the defendant’s deed by its descriptive words, must also cover the land claimed and possessed by him. There seems to have been no other point on which the case could have been determined adversely to the plaintiff; and hence we infer that the appeal was intended to bring under review the construction placed on the deed to the defendant. But it is impossible upon this exception to raise that question ; for it is not only silent respecting the construction put on it in the Superior Court, but it omits to set out any part of the contents of that deed, except the names of the parties, and the date. The Court cannot declare the meaning of an instrument, of the terms of which we are entirely uninformed. If there was error committed on that point,, the plaintiff must submit to it, as he does not furnish us with uthe means of correcting it. It is true, that it cannot be seen on this record that the construction and judgment were right. But that is not sufficient: it must appear that they were wrong. Without that document or its contents being in the exception, it cannot be told whether there was error or not; and on that ground the judgment must be affirmed.
 

 Per Cueiam. Judgment affirmed*